SCHOTT, Chief Judge.
Jimmy Gray who was a police officer was dismissed from the civil service after being involved in an automobile accident while off duty. His appeal to the Civil Service Commission was dismissed and he has taken an appeal to this Court from that decision.
In its decision the Commission correctly found the evidence to be undisputed that appellant’s pick-up truck veered to the left of the center of a narrow bridge and struck an on-coming pick-up truck resulting in the death of a child in the other truck. The Commission found that the investigation tended to support appellant’s position that he lost control of his truck when he drove over a widened expansion joint at the foot of the bridge. The decision continues:
“The Appellant testified that he consumed four, possibly five, alcoholic drinks during the four immediate hours before the accident. When questioned by the City Attorney if the alcohol had affected him, the Appellant stated it had not. We do not find his conclusion credible that his reactions were unaffected by consumption of four or five mixed drinks. A blood alcohol test administered during the accident investigation also disputes Appellant’s conclusion that he was not intoxicated. Readings of .257 or .22 were measured, depending upon which test result is considered. The latter reading came from a sample collected by a doctor at the hospital within an hour following the accident, delivered to the Police Department laboratory pursuant to a demonstrated chain of custody, and analyzed. A reading of .10 per cent by weight of alcohol in the blood is presumed under Louisiana law to be presumptive evidence that the person treated was under the influence of alcoholic beverage. La.R.S. 32:662(A)(1)(C).”
The Commission recognized that the results of the blood test would not be admissible in a criminal proceeding in accordance with State v. Rowell, 517 So.2d 799 (La.1988), but held that they were admissible in an administrative hearing. The rest of the opinion is devoted to the question of whether requiring a public employee to submit to a blood test violates his Fourth Amendment rights. The Commission concluded that such testing was constitutionally permissible.
We have concluded that the reasoning of the Commission is flawed. After recognizing the validity of appellant’s explanation for the accident’s cause as a defect on the road surface the Commission concluded that the cause of the accident was appellant’s intoxication. The Commission seemed at first to conclude that appellant’s consumption of four or five mixed alcoholic drinks over four hours necessarily impaired his reactions so as to cause the accident, but there is no expert testimony in the record to support this conclusion.
Next, the Commission applied the presumption set out in R.S. 32:662(A)(1)(c) that appellant was under the influence of alcoholic beverages because the blood-alcohol level exceeded 0.10. However, the Commission disregarded R.S. 32:662(C) which provides that this section has no application to a civil action or proceeding.
The appointing authority relied exclusively upon the blood alcohol tests and the *527 statutory presumption to prove that defendant was driving under the influence of alcoholic beverages. It did not call an expert who may have concluded from the readings that defendant was under the influence. Since the presumption was not available, the appointing authority failed to carry the burden of proof imposed by the Constitution, Art. 10, § 8(A). Because of this conclusion we do not reach the question of whether the decision in State v. Rowell, supra, has any application in a civil hearing or the Fourth Amendment question raised by appellant.
Finally, we have noted appellant’s argument that his conduct did not provide a legal cause for his termination as a police officer because he was off duty when the accident occurred and therefore his conduct did not impair the efficiency of the public service. The Commission disposed of this problem in a footnote which reads: “It is not significant for the purpose of this appeal that defendant was off duty when allegedly driving under the influence of alcohol.” No authority was cited for this statement. In any event, since there was no proof that appellant was under the influence of alcohol we need not address this issue.
Accordingly, the decision of the Civil Service Commission is reversed and appellant’s discharge as a police officer is set aside.
REVERSED AND RENDERED.